UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYLER J. NOVAK,                      )
                                     )
              Plaintiff,             )
                                     )   CAUSE NO. 3:16-CV-752 WL
       vs.                           )
                                     )
LAPORTE COUNTY SHERIFF               )
DEPARTMENT, *et al.*,                )
                                     )
              Defendants.            )

OPINION AND ORDER

Tyler J. Novak, a *pro se* prisoner, filed a complaint (DE 1) under 42 U.S.C. § 1983, complaining that John Wilcher will not allow him to use the law library at the LaPorte County jail. He also complains that LaPorte County Jail Clerk Kim Sliwa opened mail addressed to him from the LaPorte Superior Court. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

First, Novak, an inmate at the LaPorte County Jail, claims that his constitutional rights have been violated because Sergeant John Wilcher will not allow him to use the jail's law library. Novak wants to use the law library to assist his criminal defense attorney in this underlying criminal case. Inmates have a First Amendment right of access to the courts, but there is no "abstract free-standing right" to a law library, copies or to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, an inmate must "spell out" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.* The court must also bear in mind that prison officials are afforded discretion in regulating how and when inmates are given access to legal materials. *See Lewis*, 518 U.S. at 351-52; *Bell v. Wolfish*, 441 U.S. 520, 546 (1979).

Here, Novak merely states that he was denied access to the law library, which he claims hinders his ability to assist his criminal defense attorney. As explained above, the simple fact that he was denied access to legal materials does not give rise to an actionable First Amendment claim. At the very least, he must spell out some type of prejudice to a potentially meritorious

legal claim, and he has not done so. Because of that, he has not alleged a plausible claim for denial of access to the courts.

Next, Novak complains that Laporte County Jail Clerk Kim Sliwa opened his mail from the courts, which he believes is "legal mail." The words "legal mail" are a confusing term of art. The purpose of preventing prisons from opening "legal mail" outside of the presence of an inmate is to protect the Sixth Amendment right to counsel and the attorney-client privilege by ensuring that prison officials merely inspect for contraband and do not read confidential communications between an inmate and his counsel.

> We think it entirely appropriate that the State require any such communications to be specially marked as originating from an attorney, with his name and address being given, if they are to receive special treatment. It would also certainly be permissible that prison authorities require that a lawyer desiring to correspond with a prisoner, first identify himself and his client to the prison officials, to assure that the letters marked privileged are actually from members of the bar. As to the ability to open the mail in the presence of inmates, this could in no way constitute censorship, since the mail would not be read. Neither could it chill such communications, since the inmate's presence insures that prison officials will not read the mail. The possibility that contraband will be enclosed in letters, even those from apparent attorneys, surely warrants prison officials' opening the letters.

*Wolff v. McDonnell*, 418 U.S. 539, 576-577 (1974). *See also Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005)("[W]hen a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence.") *See also Guajardo-Palma v. Martinson*, 622 F.3d 801, 804 (7th Cir. 2010) (Explaining that mail from the court is public and may be read by prison officials.) Thus, orders mailed from the court as well as documents mailed to the court or opposing parties are not "legal mail" even though they are legal papers and even though they have been mailed. Here, it is not plausible to find that the mail

Kim Sliwa opened was any sort of confidential communication between Novak and his attorney. Indeed, Novak admits that it was not. Thus, it was not subject to attorney-client privilege. So, like this court order, (which is also not "legal mail"), the mailing from the LaPorte County Court was not confidential and Novak suffered no injury if prison officials read it.

Though the current complaint does not state a plausible claim, and while it seems unlikely that Novak will be able to state a claim against any of these defendants, it is not possible to definitively say that he could not do so. Accordingly, he will be granted an opportunity to submit an amended complaint. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013).

For the reasons set forth above, the Court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prison Complaint and send it to Tyler J. Novak;

(2) **GRANTS** Tyler J. Novak to and including January 31, 2017, to file an amended complaint; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: January 4, 2017

                                               s/William C. Lee
                                              William C. Lee, Judge
                                              United States District Court